FILED & JUDGMENT ENTERED
Steven T. Salata

October 5 2020

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

Laura T Beyer
Laura T. Beyer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

In re:                              )
                                    )
**SHARON HERDMAN USERY,**           )    Chapter 13
                                    )    Case No.: 15-30017
                    Debtor.         )
_____)

**ORDER DENYING DEBTOR'S MOTION TO DISCLOSE ASSET ACQUISITION AND TO CLAIM EXEMPTION**

**THIS MATTER** is before the court on the Motion—To Disclose Asset Acquisition—To Claim Exemption (the "Motion") filed by the Debtor on December 2, 2019 and amended on January 27, 2020, the May 4, 2020 Response of Trustee to Amended Motion of the Debtor to Disclose Asset Acquisition and to Claim Exemption (the "Trustee's Response"), and the Debtor's May 15, 2020 Memorandum in Support of Debtor's Amended Motion to Disclose Asset Acquisition and Claim Exemption (the "Memorandum"). For the reasons set forth below, the Motion is denied.

**Background**

Prior to filing her petition, the Debtor was injured at her place of employment and filed a claim for workers' compensation

benefits with the North Carolina Industrial Commission. The Debtor disclosed the workers' compensation claim on her Schedule C — Property Claimed as Exempt (Schedule C) that she filed on January 8, 2015 along with her petition. On the Schedule C, the Debtor claimed an exemption of $100 in the workers' compensation claim and listed the value of the property as unknown. On December 2, 2019, in addition to the Motion, the Debtor filed a Motion—For Authority to Employ Professional—To Disclose Potential Worker's Compensation Claim—To Exempt Claim Under NCGS § 97-21 that states that the Debtor resolved the workers' compensation claim on September 16, 2015 for $200,000. The court entered an Order—Authorizing Debtor to Employ Professional—Disclosing Worker's Compensation Claim—Claiming Exemption Under NCGS §97-21 on January 22, 2020.[1]

The Motion states that the Debtor used a portion of her workers' compensation award to purchase real property and a mobile home located at 1176 Safeway Drive, Gastonia, North Carolina. The Motion and the Memorandum request that the court deem the real property and mobile home exempt because the Debtor purchased them with funds from her workers' compensation award and those funds are exempt under N.C. GEN. STAT. § 97-21. The Trustee's Response takes a different position to reach the same result and argues

---

[1] The January 22, 2020 order allows the Debtor "to exempt her Worker's Compensation recovery and award to the extent allowed by the provisions of NCGS § 97-21" and does not apply the exemption to any particular property.

2

that 11 U.S.C. § 541(c)(2) operates to exclude the assets from the Debtor's estate.

In order to allow the parties sufficient time to fully brief the issues raised in the Motion, and due to the effects of COVID-19, the court conducted multiple hearings on the Motion and ultimately held a special setting on June 26, 2020.

## Analysis

The court must determine whether the exemption provided for in N.C. GEN. STAT. § 97-21 extends to property acquired with funds received on a workers' compensation claim. North Carolina elected to opt out of the federal exemptions provided in 11 U.S.C. § 522(d). See In re Jolly, 567 B.R. 480, 482 (Bankr. M.D.N.C. 2017) (citing N.C. GEN. STAT § 1C-1601(f)). N.C. GEN. STAT § 1C-1601(f) states that "[t]he exemptions provided in The Bankruptcy Code, 11 U.S.C. § 522(d), are not applicable to residents of this State. The exemptions provided by this Article *and by other statutory or common law of this State* shall apply for the purposes of The Bankruptcy Code, 11 U.S.C. § 522(b)." § 1C-1601(f) (emphasis added).

North Carolina's exemption statutes are to be construed liberally and in favor of allowing the exemption. See Elmwood v. Elmwood, 295 N.C. 168, 185, 244 S.E.2d 668, 678 (1978) (citing Goodwin v. Claytor, 137 N.C. 224, 236, 49 S.E. 173, 177 (1904)). When addressing North Carolina law, the Supreme Court of North

3

Carolina has explained "[w]here the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." Burgess v. Your House of Raleigh, Inc., 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) (citing State ex rel. Utils. Comm'n. v. Edmisten, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977)).

Section 97-21 provides "[n]o claim for compensation under this Article shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors and from taxes." The Debtor concedes the statute does not explicitly extend an exemption to property purchased with workers' compensation proceeds. Rather, the Debtor argues the intent of the statute would be thwarted if a debtor loses the exemption the moment she uses her workers' compensation award to purchase other property. If the after-acquired property is not exempt, according to the Debtor, debtors cannot use the funds for the purpose they were awarded and also retain the exemption.

The applicable language of N.C. Gen. Stat § 97-21 simply states that claims for workers' compensation as well as the compensation itself are exempt from creditors. This language is clear, unambiguous, and only encompasses compensation. The statute does not, either explicitly or implicitly, extend the exemption to property acquired with exempt funds. Tellingly, the Debtor failed to offer any case law supporting her argument that the exemption

4

should extend to property purchased with funds exempt under N.C. Gen. Stat. § 97-21.[2]

When the language of the statute is not open to interpretation, this court's task is simple: apply the plain language. Here, the Debtor claimed an exemption in real property and a mobile home purchased with her workers' compensation award. However, § 97-21 limits the exemption to compensation and claims for compensation and does not extend the exemption to property acquired with the proceeds of a workers' compensation award. The claimed exemption, therefore, exceeds the scope of the exemption established by the plain language of N.C. Gen. Stat § 97-21.[3]

The court notes that the North Carolina General Assembly extended certain exemptions to property acquired with and traceable to exempt funds. See § 1C-1601(d). The General Assembly was therefore aware of the traceability concept and elected not to include a such a provision in § 97-21. The court cannot contravene the language of the statute and conclude that property acquired

---

[2] While the court did not locate any North Carolina cases addressing the extension of § 97-21 to after-acquired property, the court notes that the Supreme Court of North Carolina, when interpreting a similar statute, the New York Workmen's Compensation Act, stated that "[a]ny exemption to which the defendant might be entitled under the laws of the State of New York, or to which he is entitled under the laws of this state, extends only to the money received in compensation for his injuries. *When he elects to part with the money the exemption ceases. It neither follows the money into the hands of the person to whom it is paid, nor attaches to the newly acquired property*." Merchs. Bank v. Weaver, 213 N.C. 767, 767, 197 S.E. 551, 553 (1938) (emphasis added).

[3] "[W]orker's compensation benefits derive solely from legislative enactments. Those enactments create new rights; only if rights and benefits are specifically conferred by the worker's compensation act can it be said that they exist." Higgins v. Simmons, 324 N.C. 100, 104, 376 S.E.2d 449, 452 (1989) (alteration in original) (quoting State v. Lab. & Indus. Rev. Comm'n, 136 Wis.2d 281, 286 401 N.W.2d 585, 588 (1987)).

5

with exempt funds under § 97-21 is exempt when, unlike other exemption statutes, § 97-21 does not include a traceability provision. See In re Latell, No. 19-10238, slip. op. at 7-8 (Bankr. W.D.N.C. Nov. 26, 2019) (declining to extend North Carolina's personal injury settlement exemption to property acquired with personal injury settlement funds because the statute does not include a traceability provision).

The Chapter 13 Trustee offered a different analysis in support of the Debtor's claimed exemption. The Trustee argues that the anti-alienation provision of N.C. Gen. Stat. § 97-21 creates a trust that held the proceeds the Debtor received on her workers' compensation claim, and, pursuant to 11 U.S.C. § 541(c)(2), those proceeds never entered the Debtor's estate.

Section 541(c)(2) states that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." Accordingly, the Trustee's argument fails if the Debtor never possessed a beneficial interest in a trust enforceable under applicable nonbankruptcy law.

The Trustee cites Cross v. Cap. Transaction Grp., Inc., 191 N.C. App. 115, 661 S.E.2d 778 (2008), for the proposition that § 97-21, via its anti-alienation provision, created a trust containing the proceeds of the Debtor's workers' compensation award. The Trustee's reliance is misplaced. Cross does not provide

6

that the anti-alienation provision of § 97-21 creates a trust containing the claimant's workers' compensation proceeds. Rather, the relevant holding in Cross is that the plain language of § 97-21 precludes workers' compensation claimants from assigning the proceeds of their claims. 191 N.C. App. at 121, 661 S.E.2d at 782. Cross simply does not offer a legal basis for this court to conclude the Debtor held a beneficial interest in a trust within the meaning of § 541(c)(2).

The Trustee then analogized the anti-alienation provision in § 97-21 to the anti-alienation provision in the Employee Retirement Income Security Act of 1974 ("ERISA"), which was at issue in Patterson v. Shumate, 504 U.S. 753 (1992). In Patterson, the Supreme Court held that a Chapter 7 debtor's interest in his employer's ERISA-qualified pension plan was not property of the debtor's bankruptcy estate. 504 U.S. at 759-60. The Supreme Court reasoned that, because the pension plan was a qualified trust within the meaning of 26 U.S.C. § 206(d)(1) of ERISA and 26 U.S.C. § 401(a)(13), and the pension plan contained an anti-alienation provision, § 541(c)(2) excluded the debtor's interest from his estate. Id. at 759-60. This analogy is unpersuasive because, as previously noted, the Debtor here, unlike the debtor in Patterson, never held a beneficial interest in a trust comprised of her workers' compensation award. Therefore, the Trustee's argument fails, and § 541(c)(2) is inapplicable in determining if the

7

claimed exemption is proper.

Finally, the positions the Debtor and Trustee offered create evidentiary problems making those positions untenable. Debtor's counsel argued that the workers' compensation exemption extends to any property the Debtor owns, regardless of how many transfers, so long as the property is traceable to the workers' compensation award and the property was held for the purposes envisioned by § 97-21. The Trustee goes even further and argued that the workers' compensation exemption extends indefinitely to any property the debtor can trace to the workers' compensation award. Taken to their logical conclusion, these arguments would allow for a seemingly perpetual exemption in whatever property a debtor traces to her workers' compensation award. They are neither supported by the clear language of § 97-21 nor practicable given the evidentiary hurdles courts would face in attempting to trace exempt funds through unlimited property conversions.

### Conclusion

The plain language of N.C. GEN. STAT. § 97-21 does not extend an exemption to property the Debtor purchased with her workers' compensation proceeds, and neither the Debtor nor the Trustee cited case law supporting the Debtor's entitlement to the exemption. "Indeed, it is a 'fundamental principle of statutory interpretation, . . . that we "presume that a legislature says in a statute what it means and means in a statute what it says there.

When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." ' " <u>Juber v. Conklin (In re Conklin)</u>, No. 3:19-CV-00091-KDB, 2020 WL 1672786, at *4 (W.D.N.C. Apr. 6, 2020) (quoting <u>Tankersley v. Almand</u>, 837 F.3d 390, 395 (4th Cir. 2016)).

**THEREFORE,** the Debtor's Motion—To Disclose Asset Acquisition—To Claim Exemption is **DENIED.**

**SO ORDERED.**

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |